UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROBERT NORTON MORAN,<br><br>      Debtor. | Case No. 10-03696<br>Chapter 11 |
| ROBERT NORTON MORAN and<br>JUDITH ANN MORAN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY as<br>INDENTURE TRUSTEE,<br><br>      Defendant. | Adv. Pro. No. 11-90104<br><br><br><br><br><br>Re: Docket No. 53 |

**MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

In this adversary proceeding, the Debtor and his wife established that defendant Deutsche Bank National Trust Company, as Indenture Trustee ("DB"), is not a person entitled to enforce the note which is secured by a second mortgage on their property. They now seek an award of their attorneys' fees and costs. I will grant the motion.

# FACTS

On August 25, 1995, Mr. and Mrs. Moran signed a promissory note (the "Second Note") in the principal amount of $177,500 in favor of Investors Finance, Inc., and a mortgage (the "Second Mortgage") to secure the note.

Mr. and Mrs. Moran have made no payments on the loan since about July 1998. For unexplained reasons, no action to enforce the Second Note and Second Mortgage was taken until about 2008.

In 2010, Mr. Moran commenced a chapter 11 bankruptcy case. DB filed a proof of claim based on the Second Note. DB attached to the proof a claim a copy of the Second Note with a chain of endorsements that began with Investors Finance, Inc., the original holder of note, and ended with ICI Funding Corporation. DB provided no evidence establishing that DB was entitled to assert the claim based on the Second Note.

Soon after DB filed the proof of claim, Mr. Moran's counsel requested evidence establishing that DB was entitled to assert the claim. DB did not provide a satisfactory response, and Mr. and Mrs. Moran commenced this adversary proceeding. They objected to DB's claim on four grounds: (1) DB failed to prove its ownership of the claim; (2) the claim is barred by the statute of limitations; (3) because it cannot enforce the Second Note, DB cannot enforce any secured

2

U.S. Bankruptcy Court - Hawaii   #11-90104   Dkt # 72   Filed 12/20/12   Page 2 of 13

claims against the estate; and (4) DB is not entitled to pre- or post-petition interest, fees, or costs.  Mr. and Mrs. Moran also asserted six counterclaims, which basically sought determinations (on various legal theories) that DB has no claims against the Morans or the estate and no interest in the mortgaged property.

In discovery, DB produced a different copy of the Second Note with an allonge bearing additional endorsements, the last of which was a blank endorsement.  DB was unable, however, to find the original note, and therefore could not prove that DB was a "holder" of the Second Note.

In late April 2012, DB's counsel told the Moran's counsel that DB planned to withdraw its proof of claim, without prejudice to refiling if DB was able to locate the Second Note, and asked if the Morans would dismiss this adversary proceeding.  The Morans promptly responded that they would dismiss the adversary proceeding and pay $50,000 to DB if DB released the Second Note and the Second Mortgage and indemnified the Morans against claims of others based on the Second Note and Second Mortgage.  DB rejected this offer; DB was understandably unwilling to accept payment and provide indemnities on a claim that DB could not prove it held.

On August 7, 2012, DB filed (in the main bankruptcy case, dkt. 379) a withdrawal of its proof of claim, reserving its "rights" to refile a claim under the

informal proof of claim doctrine. On August 13, 2012, the Morans filed (in the main case, dkt. 388) an objection to the unilateral withdrawal of the claim and (in this adversary proceeding, dkt. 21) a motion for partial summary judgment on one of its objections and one of its counterclaims, each of which was based on DB's failure to prove its entitlement to assert claims based on the Second Note and Second Mortgage. I granted the Morans' motion and disallowed DB's claim on the basis that DB is not a person entitled to enforce the Second Note or the Second Mortgage.

The Morans have now moved for an award of attorneys' fees and costs in the amount of $73,705.99.

## DISCUSSION

### *Procedural Issues*

DB objects that the Morans did not adequately plead their request for attorneys' fees in the complaint commencing this adversary proceeding. I disagree. The complaint sought a judgment "[a]warding to Plaintiffs attorneys' fees and costs, including as the prevailing party in matters before this Court." This is sufficient under the "notice pleading" standard. Given that the Second Note and Second Mortgage, on which DB based its claim, include attorneys' fees provisions which are reciprocal under Hawaii law, the prayer of the complaint was

4

more than sufficient to warn DB of the Morans' intent to seek attorneys' fees. Charlie Y., Inc., v. Carey (In re Carey), 446 B.R. 384, 392-94 (B.A.P. 9th Cir. 2011).

DB also raises LBR 7054-2, which says that a prevailing party may file a motion for fees and costs "[i]f the judgment in an adversary proceeding provides for an award of attorney's fees . . . ." DB is correct that the summary judgment order does not mention attorneys' fees, but the "judgment" in this case (i.e., the document that resolved the last pending claims) is the parties' stipulation for dismissal of all claims that the summary judgment did not cover (dkt. 49). That stipulation, to which DB agreed, provides that, "[e]xcept as otherwise provided by Court order, in connection with any fee and cost recovery motion filed by Plaintiffs after entry of Judgment in this Adversary Proceeding, the parties hereto shall bear their own attorneys' fees and costs incurred in this Adversary Proceeding." This language is sufficient under the local rule.

### *"Actions in the Nature of Assumpsit"*

Hawaii law partially abrogates the so-called American rule, which prevents one party from collecting its attorneys' fees from another party except in limited circumstances. Hawaii law provides that:

> In all courts, in all actions in the nature of assumpsit and in all actions

on a promissory note or other contract in writing that provides for an attorney's fee, to be paid by the losing party . . ., a fee that the court determines to be reasonable . . . .

Haw. Rev. Stat. § 607-14 (West 2012). DB argues that there is no "action in the nature of assumpsit," and that the statute does not apply. DB is wrong on two scores.

First, a defensive action brought by an obligor can be "in the nature of assumpsit." An action for rescission of a contract and restitution of amounts paid is "in the nature of assumpsit." See, e.g., Hong v. Kong, 5 Haw. App. 174, 683 P.2d 833 (1984); Barkhorn v. Adlib Assoc., Inc., 225 F. Supp. 474 (D. Haw. 1964), affirmed, 409 F.2d 843 (9th Cir. 1969). An action to determine that a contract is not enforceable is just as much "in the nature of assumpsit" as is an action to enforce a contract.

Second, the statute also covers "actions on a promissory note or other contract in writing that provides for an attorney's fee." The Second Note, which is the basis for DB's claim against the Morans, provides that the holder of the note is entitled collect costs and expenses, including reasonable attorneys' fees, if the maker defaults. Dkt. 379 at 10, ¶ 4(D). The Second Mortgage has an even broader provision; it states that the mortgagee is entitled to reasonable attorneys' fees "if any action or proceeding is commenced which materially affects [the

6

mortgagee's] interest in" the mortgaged property. Dkt. 379 at 18, ¶ 7. Although these provisions purportedly give rights only to the holder of the note, Hawaii law gives the obligor a reciprocal right to costs and fees. <u>Hoopai v. Countrywide Home Loans, Inc. (In re Hoopai)</u>, 369 B.R. 506, 510 (B.A.P. 9th Cir. 2007), <u>affirmed in part & reversed in part on other grounds</u>, 581 F.3d 1090 (9th Cir. 2009). Therefore, even if there were no "action in the nature of assumpsit," the Morans would still be entitled to a reasonable fee if they are a "prevailing party."

*Proof of Claim as an "Action"*

At oral argument, DB argued for the first time that the filing of a proof of claim is not an "action" for purposes of the statute. I reject this argument.

First, this adversary proceeding is undoubtably an "action" within the meaning of the statute.

Second, the argument is inconsistent with the usual meaning of the term "action." The term "action" means, among other things, "[t]he legal and formal demand of one's right from another person or party made and insisted on in a court of justice," Black's Law Dictionary 26 (5th ed. 1979), or "the initiating of a proceeding in a court of justice by which one demands or enforces one's right . . .," Merriam-Webster's Collegiate Dictionary 11 (10th ed. 1993). A proof of claim is the means by which a creditor presents and demands payment of its claim

7

in a bankruptcy case. Thus, filing a proof of claim initiates an action within the common legal meaning of that term.

Third, DB's argument is hypocritical. Secured lenders routinely include in their claims an attorneys' fee for filing a proof of claim. If the lender has a right to charge such a fee to a borrower, the borrower has a reciprocal right under Hawaii law to charge the borrower's attorneys' fees to the lender if the borrower prevails against the lender.

Fourth, none of the cited cases supports that proposition. In re Daystar of California, Inc., 122 B.R. 406 (Bankr. C.D. Cal. 1990), only discusses the informal proof of claim doctrine. Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348 (5th Cir. 2008), holds only that the automatic stay does not bar filing a proof of claim. Similarly, Clayton v. Roundup Funding, LLC (In re Clayton), 2010 WL 4008335 (Bankr. E.D. Wash. Oct. 12, 2010), holds that, if the debtor files a bankrutpcy case and obtains a discharge, neither the automatic stay nor the discharge injunction bars the filing of a proof of claim on a discharged debt in a second bankruptcy case filed by the same debtor. Jacques v. U.S. Bank (In re Jacques), 416 B.R. 63 (Bankr. E.D.N.Y. (2009), holds that the Fair Debt Collection Practices Act does not govern the filing of proofs of claim in bankruptcy cases. None of these cases has anything to do with the entitlement to

8

attorneys' fees. McDonald v. Checks-N-Advance, Inc. (In re Ferrell), 358 B.R. 777 (B.A.P. 9th Cir. 2006), talks about attorneys' fees, but still has no bearing on this case. The court held that a debtor who establishes certain kinds of violations of the Truth in Lending Act is not entitled to statutory damages and, in the absence of any damages award, is not entitled to attorneys' fees under TILA or state law. The Supreme Court has overruled the last two cited cases, Johnson v. Righetti (In re Johnson), 756 F.2d 738 (9th Cir. 1985), and Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149 (9th Cir. 1991), in Travelers Cas. & Surety Co. v. Pacific Gas & Electric Co. 549 U.S. 443 (2007).

*Prevailing Party*

DB argues that the Morans are not "prevailing parties" within the meaning of the statute.

> In determining which party is the prevailing party in complex litigation, Hawaiian courts focus on which party prevailed on the "disputed main issue." Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 575 P.2d 869, 879 (1978). The "disputed main issue," in turn, is identified by looking to "the principal issues raised by the pleadings and proof in a particular case ...." Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Haw. 37, 951 P.2d 487, 503 (1998) (quoting MFD Partners v. Murphy, 9 Haw.App. 509, 850 P.2d 713, 716 (1992)). Thus, the "prevailing party" is the party that succeeds on the issue or issues that are (1) the "principal" issues raised in the litigation and (2) disputed by the parties.

Hoopai, 581 F.3d at 1102. If a party prevails on some issues but not others, the

9

court does not apportion the fees among the issues, but rather must determine which issues were the principal issues and who, on balance, prevailed on those issues. Id. at 1103.

DB argues that the "main issue" in this litigation was not whether DB was entitled to enforce the Second Note and Second Mortgage, but rather whether the Morans could eliminate the lien of the Second Mortgage from their property. It is true that the Morans' objections and counterclaims sought both kinds of relief, but once the court decided that DB was not entitled to enforce the Second Note and Second Mortgage, the Morans and DB stipulated to dismiss all other claims. This means that the issues about the lien of the Second Mortgage were not disputed in this litigation. Thus, the Morans are the prevailing parties for purposes of the fee shifting statute.

*Frivolous Claims*

The Morans also seek fees against DB under Haw. Rev. Stat. § 607-14.5:

(a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).

U.S. Bankruptcy Court - Hawaii   #11-90104   Dkt # 72   Filed 12/20/12   Page 10 of 13

> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action . . . .
>
> (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

Haw. Rev. Stat. § 607-14.5. A frivolous claim is one which is so "manifestly and palpably without merit, so as to indicate bad faith on [the pleader's] part such that argument to the court was not required." Coll v. McCarthy, 72 Haw. 20, 29, 804 P.2d 881, 887 (1991) (quoting Kawaihae v. Hawaiian Ins. Co., 1 Haw. App. 355, 361, 610 P.2d 1086, 1091 (1980)).

DB's claim was frivolous within the meaning of the statute. The attachments to the proof of claim contained no indication whatsoever that DB had the right to assert claims based on the Second Note and Second Mortgage. In other words, not only did DB fail to conduct adequate due diligence, it apparently failed to read the proof of claim and attachments before filing. I hold that it is frivolous to file a proof of claim which shows that the creditor lacks standing to file it.

*Reasonable Fees*

DB objects to the amount of fees which the Morans request on various

U.S. Bankruptcy Court - Hawaii   #11-90104   Dkt # 72   Filed 12/20/12   Page 11 of 13

grounds.

First, DB argues that the fees must be apportioned between the work done on the claims on which the Morans obtained summary judgment and the remaining claims in the case. As noted above, Hawaii law is to the contrary.

Second, DB argues that much of the fees were unnecessary because DB attempted to withdraw its proof of claim. I disagree. DB's offer came several months after the adversary proceeding was commenced and after the Morans' counsel had devoted significant effort to the case. The offer also would not have benefitted the estate much, because DB reserved the right to refile its claim if it somehow found the Second Note or other documentation of its ownership of the claim. DB did not attempt to withdraw the claim for several more months, only a few days before the Morans filed their motion for summary judgment. Most importantly, all of the Morans' legal expense would have been unnecessary if DB had not filed an admittedly improper proof of claim.

Third, DB objects to time spent by the Morans' counsel in consultation with James Duca, an attorney who is affiliated with creditors of the Morans. It is perfectly reasonable for a debtor's counsel to communicate with creditors, and it is more than reasonable for the debtor's counsel to confer with Mr. Duca, who is one of the most experienced and respected bankruptcy practitioners in this community.

U.S. Bankruptcy Court - Hawaii   #11-90104   Dkt # 72   Filed  12/20/12   Page 12 of 13

I have independently reviewed the timesheets and supporting information furnished by the Morans' counsel, and I find that the hourly rates charged are reasonable considering the experience and qualifications of the billing professionals and that the hours expended were reasonable, necessary, and appropriate.

## CONCLUSION

The Morans' victory may prove to be problematic. The Morans have not established that the Second Note or the Second Mortgage is invalid or unenforceable, and they have not removed the lien of the Second Mortgage from their property. They arguably have made their situation more difficult; they do not know which entity is entitled to enforce the Second Note, and therefore they do not know with whom to negoiate, or to whom to give notice, respecting the claim. But even though they have not won a complete victory, they have defeated DB in a fight which DB should not have started. Under Hawaii law, the Morans are entitled to shift the cost of that fight to DB.

The motion is granted. The Morans' counsel shall submit an appropriate separate order.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 12/20/2012

13

U.S. Bankruptcy Court - Hawaii   #11-90104   Dkt # 72   Filed  12/20/12   Page 13 of 13